**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| VINCENT RAMSEY, | : | |
| Petitioner, | : | Case No. 3:03cv303 |
| | | Criminal Case No. 3:00cr0017 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Sharon L. Ovington |
| Respondent. | : | |

**REPORT AND RECOMMENDATIONS[1]**

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Ramsey's Motion raises two grounds for relief. He claims that his sentence was illegally imposed in violation of due process of law because he was not given credit for time served in a half-way house and drug treatment facility; and, that he was denied the effective assistance of counsel during sentencing proceedings.

### II. BACKGROUND AND COURSE OF PROCEEDINGS

On February 29, 2000, a one count Indictment was returned against defendant Vincent M. Ramsey and another, on a charge of Bank Robbery in violation of 18 U.S.C. § 2113(a). (Doc. #1). Following his arrest and subsequent detention hearing, Ramsey was ordered detained prior

---

[1] Attached hereto is a NOTICE regarding objections to this Report and Recommendations.

to trial. On June 2, 2000, Ramsey appeared with counsel, Beth Goldstein Lewis, and entered a plea of guilty to the Indictment. ( Doc. #36).

On June 21, 2000, Ramsey's previously filed motion for bond was granted and he was released from federal custody directly to the custody of Miami County Court in order to satisfy a probation violation detainer stemming from an unrelated state charge. (Doc. # 35, #37 &  #40). Defense counsel argued that by satisfying the Miami County charge prior to being sentenced on the federal charge, Ramsey would be eligible for substance abuse treatment and the opportunity to establish post conduct rehabilitation. ( Doc. #35). Ramsey completed his incarceration with Miami County and was released to the federal detainer on approximately August 22, 2000. (Doc. #46).

On August 29, 2000, defense counsel Lewis filed another motion for bond requesting Defendant be released to a drug treatment program.(Doc. # 48). On October 2, 2000, the District Court ordered Ramsey released to drug treatment at Nova House. (Doc. #51). On October 27, 2000, an Order amending the conditions of release was filed. Ramsey was to be released from inpatient counseling at CADAS (another treatment center), and he was to enter Nova House effective on or about October 30, 2000. Upon completion of the Nova House program, Ramsey would again be taken into custody by the Marshals. (Doc. #53).

On February 13, 2001, Ramsey and his counsel appeared for sentencing. They had reviewed the Pre-sentence Investigation Report, and no objections were raised. The Court adopted the Pre-sentence Investigation Report recommendations, concerning the adjusted offense level, but granted Ramsey's motion for a reduction of his criminal history level. The Court reduced defendant's criminal history category from a III to a level II and found a

corresponding sentencing range between 33 and 41 months. (Tr. 2/13/01 at 8). The Court refused to rule on Ramsey's second ground for reduction based on post conduct rehabilitation, at that time, but left the matter open for approximately six months, until August of 2001, in order to let Ramsey demonstrate his rehabilitation. (Tr. 2/13/02 at 9-10). Ramsey posed no objection to this disposition. *Id*.

After pronouncing the sentence in open court, the Court informed Ramsey of his right of appeal, and he acknowledged his understanding of that right. (Tr. 2/13/00 at 11). The Court advised that it would recommend, in the sentencing entry that, inter alia, Ramsey be given credit for all allowable pre-sentence jail time. (Tr. 2/13/00 at 12; Doc. #59). The Judgment and Commitment Order was filed on February 15, 2001. (Doc. #60). No direct appeal ever was filed. On April 25, 2001, Ramsey appeared before the Court concerning his lack of compliance with Nova House regulations. Additional conditions were established including chemical dependency counseling, and the hearing was reset to August 3, 2001. (Doc. #62). On August 3, 2001, Ramsey and counsel again appeared in court to discuss what the Court termed as "a mixed picture" as to Ramsey's rehabilitation. (Tr. 8/3/01 at 5). At the conclusion of this hearing, the Court set March 29, 2002, for final disposition of sentence. (Doc. #64; Tr. 8/3/01 at 17).

A final disposition date was reset to April 19, 2002. (Doc. #73). At this session Ramsey was granted a delay in order to complete classes at a barber school. Consequently, final disposition on the motion for post conduct rehabilitation was set for March 14, 2003. (Doc. # 74 & # 75). On July 30, 2002, a Notice of Pretrial Release Violations was filed and an initial appearance set for August 2, 2002. (Doc. #76-77). At that hearing, Ramsey admitted that he tested positive for cocaine on at least two occasions and that he failed to provide a urine screen

on another occasion. Ramsey also acknowledged certain facts concerning his behavior at Nova House, but denied other alleged violations. Based on the admissions, the Court found Ramsey to be in violation of his bond conditions and ordered a telephone conference for August 6, 2002. (Doc. #78). Following the telephone conference, an August 16, 2002 final disposition hearing for the bond violation issues was set. (Doc. #79). During the August 16, 2002 hearing, defense counsel and Ramsey offered statements in mitigation of the violations and his failure to regularly report to Nova House. An additional hearing was scheduled for August 29, 2002. (Doc. #81- # 82). This hearing was later reset to September 18, 2002. (Doc. # 85, # 86). Following the September 18, 2002 hearing, the Court took the matter of sentencing reduction under advisement and set October 3, 2002, for final disposition. (Doc. # 87).

Days prior to this scheduled final hearing, the Pretrial Services Officer filed another report of violation and requested the Court address these latest violations at the October 3, 2002 final hearing. During that hearing, Ramsey acknowledged that on at least two occasions he failed to attend treatment meetings at Daymont Group and offered mitigation. The Court took the matter under advisement and scheduled final disposition for October 4, 2002. (Doc. #91). On October 4, 2002, the Court revoked Ramsey's bond and ordered him to begin to serve the 36 month sentence previously imposed on February 13, 2001. (Doc. # 92, # 93). The Court again advised Ramsey of his right of appeal. (Tr.10/4/02 at 8). The Judgment and Commitment Order was returned executed on November 11, 2002, and Ramsey was sent to the Federal Corrections Institution at Beckley Beaver, West Virginia (Doc. # 94). No direct appeal was ever filed. Thereafter, Ramsey filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255, Motion to Vacate, Set Aside, or Correct a Sentence in criminal case CR-3-00-17(01). (Doc. #

4

95).

### III. RAMSEY'S SENTENCE WAS NOT ILLEGALLY IMPOSED IN VIOLATION OF DUE PROCESS OF LAW

Ramsey asserts that his sentence was illegally imposed in violation of due process of law because he was not given credit for the time spent in a half-way house and drug treatment facility. Ramsey does not contest the validity of the 36 months sentence imposed by the Court. As a threshold matter, Ramsey's claim that he is entitled to sentencing credit for time spent in a half-way house or drug treatment center is not cognizable in a § 2255 motion to vacate as Ramsey is challenging the execution, not the imposition, of his sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).

Ramsey contests the crediting, or lack thereof, of his sporadic half-way house time, towards the 36 month sentence. Pursuant to 18 U.S.C. 13 § 3585(b) a defendant is entitled to credit against his federal sentence for any time served "prior to the date the sentence commences" if that time "has not been credited against another sentence." The Bureau of Prisons, ("BOP"), rather than the sentencing judge, is responsible for computing and applying the credits. *United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351, 1354, 117 L. Ed. 2d 593 (1992). Until the BOP makes its determination, a request to the courts is not ripe. *United States v. Westmoreland*, 974 F.2d 736 (6th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993). The record is devoid of any evidence that Ramsey exhausted his remedies with the BOP.

Even assuming that the issue is ripe for review, it is well-settled that in order to qualify for credit under 18 U.S.C. §3585(b), presentence confinement must be in a corrections facility; home confinement with electronic monitoring is insufficient, as is community treatment center

5

confinement.   The detention must be official, i.e., by the Attorney General, to qualify. *Reno v. Koray*, 515 U.S. 50, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995). The time spent in drug rehabilitation does not constitute official detention. See *Edwards v. United States*, 41 F.3d 154, 157 (3d Cir. 1994); *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925-26 (9th Cir. 1993) (per curiam); *United States v. Becak,* 954 F.2d 386, 387-88 (6th Cir.), cert. denied, 119 L. Ed. 2d 211, 112 S. Ct. 2286 (1992). As such, Ramsey's first claim for relief should be rejected.

## IV. RAMSEY WAS NOT DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL

Ramsey claims that his counsel was ineffective due to her failure to move for jail time credit based on time he spent in a half-way house and a drug treatment program.  In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that his lawyer's performance was deficient, and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id*. at 688. Our review of counsel's performance must be "highly deferential," and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

In establishing prejudice, a petitioner must demonstrate a "reasonable probability" that the outcome of the proceedings would have been different but for his counsel's alleged mistakes. *Id*. at 694. This standard does not demand that a petitioner show that the outcome more likely than not would have been different but for the deficient performance, but rather that the deficiency is "sufficient to undermine confidence in the outcome." *Id.* at 693.

Ramsey was not denied the effective assistance of counsel when his attorney failed to

move the Court for credit toward a 36 month sentence for time spent in a half-way house and in a drug treatment facility because he was not entitled to the relief sought, and because the District Court lacked authority to order such credit even if counsel had made the request.

In *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court held that time spent in a community treatment center while a defendant was released on bond was not "official detention" as provided in 18 U.S.C. § 3585(b). In a factual background similar to the case at bar, the *Koray* Court released the defendant on bail, prior to imposition of sentence, and ordered the defendant be confined to a community treatment center. "Under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, is 'released.' Unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' always remain subject to the control of the Bureau." *Id*. at 63.

In the present matter, Ramsey has clearly failed to overcome the presumption that his counsel's actions were reasonable, or stated alternatively, that her actions were objectively deficient. This is so because he was simply not entitled to the relief which he now argues Ms. Lewis should have sought. It is clear that defendant is not entitled to credit against his sentence for the time he spent in anything less than "official detention."*See, Koray*, 515 U.S. at 63.

There is nothing in the record to indicate either that Ramsey's counsel was constitutionally deficient in failing to move for such credit or that there was a reasonable probability such a motion would have been successful if raised. In fact quite the contrary is true. Ramsey has failed to demonstrate any constitutional error in his conviction and therefore his Petition should be dismissed with prejudice.

7

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 be DISMISSED with prejudice;

2. Because reasonable jurists would not disagree with these conclusions, he should be denied permission to appeal *in forma pauperis* and any requested certificate of appealability; and,

3. The case be terminated on the docket of this Court.


April 27, 2005

                s/ Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).